# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-1817-DSF (SP) | Date | July 3, 2017 |
|---|---|---|---|
| Title | ALEXANDER GUTIERREZ v. COUNTY OF RIVERSIDE, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:

None Present None Present

**Proceedings:** (In Chambers) Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute

On August 24, 2016, plaintiff Alexander Gutierrez, who was then a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 26, 2016, defendants filed a motion to dismiss, which plaintiff later opposed. The court has not ruled on the motion to dismiss. Rather, on January 10, 2017, the court stayed the case pending completion of a settlement conference.

The settlement conference was eventually scheduled for May 1, 2017. But after issuing a Writ of Habeas Corpus ad Testificandum to plaintiff at his address of record at Chuckawalla Valley State Prison, the court learned he had been released to a homeless shelter from which he had since walked away. Being unable to reach plaintiff, the settlement conference did not occur.

On June 7, 2017, the court issued a minute order lifting the stay of this case. The minute order was mailed to plaintiff at his address of record, still Chuckawalla Valley State Prison. That mailing was returned to the court as undeliverable on June 21, 2017, with a note indicating plaintiff has been paroled. Thus, it is apparent plaintiff is no longer at his address of record and has failed to keep the court apprised of his current address.

Local Rule 41-6 states:

If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 16-1817-DSF (SP) | Date | July 3, 2017 |
|---|---|---|---|
| Title | ALEXANDER GUTIERREZ v. COUNTY OF RIVERSIDE, et al. | | |

opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.

It has been far more than 15 days since the June 7 mailing was served on plaintiff, and there has been no communication of any kind from plaintiff, much less a notice updating his current adderss. It therefore appears that plaintiff has failed to follow Local Rule 41-6's requirement to promptly notify the court of a change of address. Plaintiff's failure to comply with Local Rule 41-6 renders this action subject to dismissal for failure to comply with a court rule and failure to prosecute.

Accordingly, within **fourteen (14)** days of the date of this Order, that is, by **July 17, 2017**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the dismissal of this action without prejudice.